# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NUMBER: 3:16-cv-564

| | |
|---|---|
| TIMOTHY SCOTT BRIDGES,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF CHARLOTTE, JOHN DOE, in his individual and official capacities and in his supervisory capacity as the Capt. in charge of the Felony Investigations Bureau of the Charlotte Police Department, CHERYL HORNER, in her individual and official capacities, ELINOS WHITLOCK, in his individual and official capacities, and KATHLEEN RAMSEUR, in her individual and official capacities,<br><br>    Defendants. | **SECOND PROTECTIVE ORDER** |

    Pending before the Court is the Consent Motion for Second Protective Order, (D.E. 20). Upon a review of the record and the parties' motion, the Court **GRANTS** the motion (D.E. 20) and enters this Consent Second Protective Order negotiated by the parties.

**NOW COME** the City of Charlotte and Defendants Cheryl Horner, Elinos Whitlock and Kathleen Ramseur (hereafter "the Defendants"), by and through their respective undersigned counsel, and Timothy Scott Bridges (hereinafter "the Plaintiff"), by and through his undersigned counsel, and the Gastonia Police Department (hereinafter "GPD"), by and through its undersigned counsel, and stipulate to the entry of this Protective Order, authorizing and/or governing (1) the release of all files of the GPD relating to the investigation(s) of the rapes of Telena Carol Hardee and Denise Faye Cook in May 1989, and any related investigation(s) of the suspect in those cases, Ronald Eugene Kirkland and (2) the release of complete copies of any and all records relating to the incarceration of the Plaintiff Timothy Scott Bridges, to include medical records, in the possession of the North Carolina Department of Public Safety ("NCDPS") and/or the North Carolina Department of Corrections ("NCDOC"). The terms of this Consent Protective Order shall be as follows:

1. Except as may be otherwise provided by further order of this Court, all documents and/or materials disclosed pursuant to this ORDER shall be marked "CONFIDENTIAL" and used only in connection with litigation in the above-referenced caption and shall be disclosed only to the following persons:

   a. Parties and counsel for all parties, including attorneys and their

respective staffs;

b. Consultants and experts involved in this litigation;

c. Any potential witness in this litigation, to the extent it is necessary to tender to such witness a confidential document in order to elicit information relevant to the matters at issue in said litigation;

d. Court reporters, their transcribers, assistants and employees;

e. Any mediator designated by the Court or the parties to mediate this matter with the parties;

f. Any adjuster, claim representative or legal counsel working for an Insurance Company contractually responsible for providing a legal defense to or indemnifying any of the Defendants pursuant to insurance policies purchased by Defendants; and

g. All other persons to whom disclosure may be necessary to prosecute or defend this litigation.

2. The individuals and entities that are provided a copy of the files of the GPD and NCDPS/NCDOC are hereby ordered not to show, convey or reproduce any documents so designated, any parts or copies thereof, or any matter contained therein, to include extracts or summaries, to any individual or entity that would not otherwise have access to said documents, materials, or information under the provisions of this Protective Order. The parties may make copies of documents contained in the files of the GPD and NCDPS/NCDOC for their own use in this litigation.

PPAB 3518169v1

3. The Parties may provide copies of material contained in the files of the GPD and NCDPS/NCDOC to the persons identified in paragraph 1 above, provided that such persons agree that they will keep such material confidential.

4. The production or disclosure of the files of the GPD and NCDPS/NCDOC pursuant to the terms of this ORDER shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information, on grounds other than confidentiality, including the attorney-client or work product privileges, in this litigation.

5. All information and materials derived from the files of the GPD and NCDPS/NCDOC shall be used by the parties only in connection with the litigation of this matter and shall not be used or disclosed to or by any person for any other purpose, except as provided herein.

6. The parties are responsible for notifying any person who is provided any portion of the files of the GPD and NCDPS/NCDOC of the terms of this Protective Order. The parties shall keep a record of all persons to whom such disclosures are made.

7. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or the GPD and NCDPS/NCDOC of any

4

claims of confidentiality, and the production of such materials or documents shall not be considered as an acknowledgment that the materials or documents may be admissible into evidence at the hearing of this matter.

8. Unless otherwise expressly permitted by the Court, any records obtained pursuant to this Order and subsequently filed with the Court shall be done so under seal in accordance with the Local Rules of the United States District Court for the Western District of North Carolina.

9. The NCDPS/NCDOC may redact any portion of any record produced pursuant to this Order if the information might endanger the safety of any third person or if the information could compromise the security of any facility operated by the NCDPS/NCDOC. Should the NCDPS/NCDOC redact any portion of any record, it shall inform the parties of the nature of such redacted material so that the parties may seek a further Order from this Court.

10. Upon final adjudication of this action, the disposition of all confidential information subject to the provisions of this Order (including any copies made and/or computer materials made or stored) that are not part of the court record or otherwise public record as defined by law shall be returned to the party that provided the materials. Furthermore, no party shall retain a physical or electronic copy of material provided pursuant to this order except if

the materials were made part of the court record or a party consents. Finally, no party shall retain personnel information as defined by N. C. Gen Stat.§ 160A-168 without the consent of the employee.

11. This Protective Order shall not prevent the parties from applying for relief from this Protective Order, or from applying for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the GPD and NCDPS/NCDOC.

12. This Protective Order shall not apply to documents or materials that have otherwise become public records pursuant to N.C.G.S. 15A-1468(e), or that have been lawfully obtained from a source other than the GPD and NCDPS/NCDOC.

13. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

SO ORDERED.

Signed: December 14, 2016

Graham C. Mullen
United States District Judge