IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:16-CV-564-GCM

| | |
|---|---|
| TIMOTHY SCOTT BRIDGES,<br><br>     Plaintiff,<br>v.<br><br>CITY OF CHARLOTTE, et al.<br>     Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Compel (Doc. No. 34). Plaintiff and Third-Party Mecklenburg County Public Defenders' Office timely responded to this Motion. For the following reasons Defendants' Motion will be denied.

## I. BACKGROUND

Plaintiff was sentenced to life imprisonment following his 1989 criminal conviction for assault and rape of an elderly woman in Charlotte. On February 16, 2016, the Mecklenburg County District Attorney's Office voluntarily dismissed the charges against Plaintiff after DNA evidence exonerated him. Plaintiff subsequently filed this suit under 42 U.S.C. § 1983, alleging that Defendants withheld exculpatory evidence from his defense attorneys during his 1989 trial, leading to his wrongful conviction and incarceration.

In his 1989 criminal trial, Plaintiff was represented by Mr. Towler and Mr. Jessup of the Mecklenburg County Public Defenders' Office ("MCPDO"). On November 3, Defendant Horner served a subpoena *duces tecum* upon Mecklenburg County Public Defender Kevin P. Tully, seeking production of the entire case file relating to Plaintiff's criminal trial. On December 28, 2016, the MCPDO produced approximately 3000 pages of the Bridges file to

1

Defendants. On May 12, 2017, the MCPDO produced two privilege logs summarizing the documents that had been withheld on the basis of the attorney work product privilege.

Defendants have continued to request the entire case file held by the MCPDO, and a conference was held on this issue on September 14, 2017. Following the conference, the MCPDO agreed to turn over fact-based work product documents, but has maintained its position that the opinion-based work product documents are protected by privilege. Defendants filed this Motion to Compel, seeking the remaining opinion work product documents held by the MCPDO.

## II. STANDARD OF REVIEW

"At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). It is a "broader protection" than the attorney-client privilege, and it is "designed to balance the needs of the adversary system: promotion of an attorney's preparation in representing a client versus society's general interest in revealing all true and material facts to the resolution of a dispute." *In re Subpoena Duces Tecum*, 738 F.2d 1367, 1371 (4th Cir. 1984). And, because it is based upon "protection of the professional effort, confidentiality and activity of an attorney," rather than "the rights or posture of the litigants," it is applicable to cases that have already been closed as well as cases that are still being contested. *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 487 F.2d 480, 483 (4th Cir. 1973); *see also Cincinnati Ins. Co. v. Zurich Ins. Co.*, 198 F.R.D. 81, 86 (W.D.N.C. 2000) ("[T]he law is clear that work product prepared in anticipation of earlier litigation retains its protection in later disputes.").

Work product can be divided into "fact work product" and "opinion work product," both of which are "generally protected and can be discovered only in limited circumstances." *In re*

*Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 348 (4th Cir. 1994). Fact work product is a "transaction of the factual events involved," while opinion work product "represents the actual thoughts and impressions of the attorney." *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017) (quoting *In re Grand Jury Proceedings, John Doe*, 102 F.3d 748, 750 (4th Cir. 1996)). Fact work product is discoverable based on a "showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proceedings*, 33 F.3d at 348. Opinion work product is "even more scrupulously protected," such that it "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Id.*

The burden of proving that a document is opinion work product falls on the party asserting the privilege. *In re Martin Marietta Corp.*, 856 F.2d 619, 626 (4th Cir. 1988). If it is established to be opinion work product, the burden shifts to the party seeking discovery, who can overcome the privilege only by showing that "weighty considerations of public policy and a proper administration of justice [] militate against the nondiscovery of an attorney's mental impressions." *In re Doe*, 662 F.2d 1073, 1080 (4th Cir. 1981) (*quoting In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977)), *cert. denied*, 455 U.S. 1000 (1982).

### III. ANALYSIS

Defendants concede that the remaining documents requested—attorney notes taken during interviews with witnesses, during discussions with the client, and during the trial—qualify as opinion work product. *See In re Grand Jury Subpoena*, 870 F.3d at 317 (finding that a lawyer's written notes constitute opinion work product because they "reveal what the attorney *deemed* important enough to remember" and are thus the fruit of an attorney's mental processes). However, Defendants do not argue that "weighty considerations of public policy and a proper

3

administration of justice" require the disclosure of these documents. Rather, they argue that both Plaintiff and the MCPDO have waived the work product privilege.

Because the privilege is held by both the client and the attorney, either the client or the attorney can waive it "expressly or by conduct, . . . but only as to himself." *In re Doe*, 662 F.2d at 1079. An attorney waives his ability to assert the privilege when he "freely and voluntarily discloses the contents of otherwise protected work product to someone with interests adverse to his or those of the client." *Id.* at 1081. But, "[d]isclosure to a person with an interest common to that of the attorney or the client normally . . . would not invoke such a waiver." *Id.*

Here, Defendants argue that the MCPDO waived its work product privilege by permitting its entire file to be relinquished to Plaintiff's current counsel, Mr. Rudolf. Because Mr. Rudolf was not Plaintiff's original attorney or involved in Plaintiff's criminal case, Defendants assert that his receipt of the case file is inconsistent with maintaining the privilege. However, as a factual matter, the MCPDO did not "freely and voluntarily" disclose its case file to Mr. Rudolf. Rather, they disclosed the file to North Carolina Prisoner Legal Services ("NCPLS"), who represented Plaintiff during his post-conviction appeal in state court. NCPLS in turn, without receiving permission or authorization from the MCPDO, disclosed the case file to Mr. Rudolf. When Mr. Rudolf found out that he had the entire case file in his possession, he immediately contacted the MCPDO and returned it without examining or copying any of its contents.

Defendants do not argue that the initial disclosure from the MCPDO to NCPLS waived MCPDO's work product privilege. Instead, they only argue that Mr. Rudolf's ultimate receipt of the files waives the privilege. However, because the MCPDO never authorized the disclosure of the file to Mr. Rudolf but instead immediately retrieved the file when notified that it was in Mr.

4

Rudolf's possession, the MCPDO did not "freely and voluntarily" disclose the case file to Mr. Rudolf. Thus, the MCPDO did not waive its work product privilege.

Defendants also argue that Plaintiff waived his ability to assert the work product privilege because he placed the activities of his former counsel directly at issue in this litigation. The Court does not need to address this argument. Defendants are seeking to compel the MCPDO to turn over the case file. The MCPDO has standing to assert its own privilege over the case file, and it has successfully invoked this privilege. Thus, Defendants' Motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel (Doc. No. 34) is hereby **DENIED.** The MCPDO is not required to disclose the portions of the case file that qualify as opinion work product.

**SO ORDERED.**

Signed: November 28, 2017

Graham C. Mullen
United States District Judge